IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SAMUEL T. JACKSON, SR.                                                                PLAINTIFF

v.                                    CIVIL NO. 10-2012

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

## **ORDER**

Plaintiff, Samuel T. Jackson, Sr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. (Doc. 1). Defendant filed an answer to Plaintiff's action on June 10, 2010, asserting that the findings of the Commissioner were supported by substantial evidence. (Doc. 7).

On August 9, 2010, the Commissioner, having changed positions, filed a motion requesting remand pursuant to "sentence four" of section 405(g), in order to conduct further administrative proceedings. (Docs. 11-12). Specifically, the Commissioner seeks remand to consolidate and further evaluate two conflicting ALJ opinions concerning the same alleged onset date.[1] (Doc. 12).

The exclusive methods by which a district court may remand a social security case to the

---

[1] In his initial application, Plaintiff alleged an onset date of August 12, 2007. (Doc. 12). On March 25, 2009, ALJ Monica LaPolt issued an unfavorable decision, finding that Plaintiff was not disabled from August 12, 2007, through the date of her decision. *Id.* Meanwhile, Plaintiff protectively filed a second application on March 31, 2009, alleging the same disability onset date. *Id.* On May 7, 2010, ALJ David T. Hubbard determined that Plaintiff had been under a disability since August 12, 2007. *Id.* Thus, there are inconsistent ALJ determinations as to Plaintiff's disability.

Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand to allow the ALJ to further evaluate the evidence as addressed above, appropriate.[2] Therefore, the Commissioner's motion to remand is granted and the case will be remanded to the Commissioner for further administrative action pursuant to sentence four of section 405(g).

IT IS SO ORDERED this 9th day of August 2010.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

---

[2] On July 12, 2010, Plaintiff filed a Motion to Introduce New Evidence, which includes the subsequent favorable opinion issued by ALJ Hubbard. (Doc. 9). Since we are remanding pursuant to sentence four, we find Plaintiff's motion moot. On remand, the Commissioner should consolidate Plaintiff's claims and further evaluate the evidence pertaining to Plaintiff's alleged disability.

AO72A
(Rev. 8/82)